**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

FEDERICO CORTES LEAL and ALEJANDRINO VIDAL VEGA,

Plaintiffs,

-against-

NEFIS LLC, VIVIANA MARTINEZ, and SALVADOR MARTINEZ,

Defendants.

-----------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

Plaintiffs, FEDERICO CORTES LEAL ("Cortes Leal") and ALEJANDRINO VIDAL VEGA ("Vidal Vega") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, NEFIS LLC ("Nefis"), VIVIANA MARTINEZ, and SALVADOR MARTINEZ (collectively, "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a restaurant located at 956 1st Avenue, New York, New York that sells food and drink to the public.

2. Plaintiffs worked for Defendants as cooks.

3. Plaintiffs bring this lawsuit seeking to recover unpaid overtime wages and other relief related to their employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiffs' FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Cortes Leal is an adult male currently residing in the State of New York.

9. Vidal Vega is an adult male currently residing in the State of New York.

10. Upon information and belief, Nefis is a domestic limited liability company duly organized and existing under the laws of the State of New York.

11. Upon information and belief, Viviana Martinez is an adult female currently residing in the State of New York.

12. Upon information and belief, Salvador Martinez is an adult male currently residing in the State of New York.

## FACTUAL ALLEGATIONS

### Defendant Nefis

13. Nefis maintains its principal place of business at 956 1st Avenue, New York, New York.

14. At all times relevant to this Complaint, Nefis had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

15. At all times relevant to this Complaint, Nefis had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiffs.

16. At all times relevant to this Complaint, Nefis had or will have an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

17. During Plaintiffs' employment, Nefis maintained control, oversight, and direction over them, including timekeeping, payroll, and other employment practices.

18. At all times relevant to this Complaint, Nefis was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiffs.

**Defendant Viviana Martinez**

19. At all relevant times, Viviana Martinez was and continues to be an owner, member, officer, director, shareholder, and/or managing agent of Nefis.

20. At all relevant times, Viviana Martinez participated in running the daily operations of Nefis.

21. At all relevant times, Viviana Martinez participated in the management and supervision of Plaintiffs and their work for Nefis.

22. At all relevant times, Viviana Martinez exercised operational control over Nefis, controlled significant business functions of Nefis, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Nefis in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiffs.

23. Viviana Martinez determined the wages and compensation of Nefis' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

24. At all relevant times, Viviana Martinez was an employer within the meaning of the FLSA and the NYLL and employed Plaintiffs.

25. Viviana Martinez participated in the decision to hire Plaintiffs.

26. Viviana Martinez participated in deciding Plaintiffs' job duties and responsibilities.

27. Viviana Martinez participated in supervising Plaintiffs' job duties and responsibilities.

28. Viviana Martinez participated in deciding the manner in which Plaintiffs were paid.

29. Viviana Martinez participated in deciding the compensation Plaintiffs were paid.

30. Viviana Martinez participated in deciding the schedule Plaintiffs worked.

31. Viviana Martinez participated in deciding the total number of hours Plaintiffs worked each week.

32. Viviana Martinez was responsible for ensuring Plaintiffs were paid properly.

**Defendant Salvador Martinez**

33. At all relevant times, Salvador Martinez was and continues to be an owner, member, officer, director, shareholder, and/or managing agent of Nefis.

34. At all relevant times, Salvador Martinez participated in running the daily operations of Nefis.

35. At all relevant times, Salvador Martinez participated in the management and supervision of Plaintiffs and their work for Nefis.

36. At all relevant times, Salvador Martinez exercised operational control over Nefis, controlled significant business functions of Nefis, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Nefis in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiffs.

37. Salvador Martinez determined the wages and compensation of Nefis' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

38. At all relevant times, Salvador Martinez was an employer within the meaning of the FLSA and the NYLL and employed Plaintiffs.

39. Salvador Martinez participated in the decision to hire Plaintiffs.

40. Salvador Martinez participated in deciding Plaintiffs' job duties and responsibilities.

41. Salvador Martinez participated in supervising Plaintiffs' job duties and responsibilities.

42. Salvador Martinez participated in deciding the manner in which Plaintiffs were paid.

43. Salvador Martinez participated in deciding the compensation Plaintiffs were paid.

44. Salvador Martinez participated in deciding the schedule Plaintiffs worked.

45. Salvador Martinez participated in deciding the total number of hours Plaintiffs worked each week.

46. Salvador Martinez was responsible for ensuring Plaintiffs were paid properly.

**Defendants Constitute Joint Employers**

47. Viviana Martinez and Salvador Martinez own, operate, and/or control Nefis.

48. Viviana Martinez and Salvador Martinez possess operational control over Nefis, possess an ownership interest in Nefis, and control significant functions of Nefis.

49. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

50. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

51. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

52. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Plaintiffs Cortes Leal and Vidal Vega**

53. At all relevant times, Plaintiffs were employees of Defendants, as defined by the FLSA and the NYLL.

54. Defendants employed Plaintiffs as cooks for their benefit and at their direction.

55. Defendants employed Cortes Leal from May 18, 2026 to June 26, 2026.

56. Defendants employed Vidal Vega from June 1, 2026 to June 26, 2026.

57. Defendants did not require Plaintiffs to punch in and out of their daily shifts.

58. Defendants have not maintained time records that establish how many hours Plaintiffs worked each shift.

59. Throughout their employment, Plaintiffs worked six (6) days per week with Sunday being their day off.

60. Throughout his employment, Cortes Leal worked the following schedule: Monday, Wednesday, Thursday, Friday, and Saturday from 8:00 a.m. to 4:00 p.m. and Tuesday from 8:00 a.m. to 8:00 p.m.

61. Throughout his employment, Cortes Leal worked fifty-two (52) hours each week.

62. Throughout his employment, Vidal Vega worked the following schedule: Monday through Saturday from 8:00 a.m. to 3:00 p.m.

63. Throughout his employment, Vidal Vega worked forty-two (42) hours each week.

64. Defendants promised to pay each Plaintiff $800.00 a week for the work that they performed.

65. Defendants, however, only paid Vidal Vega $800.00 for one week of work and then paid him nothing at all thereafter.

66. Defendants only paid Cortes Leal as follows: May 29 - $290.00, June 1 - $160.00, June 8 - $640.00, and June 15 - $440.00.

67. Defendants paid both Plaintiffs less than the New York state statutory minimum wage rate.

68. Defendants failed to pay both Plaintiffs the weekly salary that they promised Plaintiffs.

69. Throughout Plaintiffs' employment, Defendants never paid Plaintiffs an overtime premium for any of the hours they worked in excess of forty (40) per week at a rate of one-and-one-half times their regular rate of pay.

70. Throughout Cortes Leal's employment, Defendants never paid him spread-of-hours compensation for any day in which his shifts exceeded ten (10) hours at a rate of one (1) additional hour of pay at the statutory minimum wage rate.

71. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

72. Defendants failed to provide Plaintiffs with complete and accurate wage notices and wage statements, as required by NYLL sections 195(1) and (3).

73. Because Defendants did not provide Plaintiffs with complete and accurate wage notices and paystubs, Plaintiffs were kept in the dark about how much they should have been paid.

74. Had Defendants provided such wage notices and wage statements, Plaintiffs would have known that they were entitled to overtime compensation for the hours they worked in excess of forty (40) each week and could have advocated for themselves and brought this lawsuit earlier to enforce their rights under state and federal law.

75. However, because Defendants did not provide Plaintiffs with complete and accurate wage notices and paystubs, Plaintiffs could not rectify the situation, which resulted in their wages not being paid.

76. As a result of Defendants' failure to provide the required wage notices and wage statements, Plaintiffs have incurred tangible, downstream harm.

77. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights.

78. Plaintiffs have been and continue to be damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

79. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

81. Nefis is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

82. At all times relevant to this Complaint, Nefis had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs.

83. Upon information and belief, the gross annual volume of sales made or business done or will be done by Nefis in each applicable year was not less than $500,000.00.

84. At all times relevant to this action, Plaintiffs have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

85. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

86. By the above-alleged conduct, Nefis has violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

87. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

88. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during their employment.

89. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

90. Defendants did not act in good faith with respect to the conduct alleged herein.

91. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred and continues to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

92. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

93. At all times relevant to this Action, Plaintiffs have been employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. At all times relevant to this Action, Nefis was an "employer" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

95. At all times relevant to this Action, Nefis has been a restaurant as defined by the Regulations pertaining to the NYLL.

96. At all times relevant to this Action, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

97. At all times relevant to this Action, Plaintiffs were "employees" in the hospitality industry as defined by the Regulations pertaining to the NYLL.

98. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

99. By the above-alleged conduct, Defendants have failed and continue to fail to pay Plaintiffs overtime compensation as required by the NYLL.

100. Plaintiffs are not exempt from the overtime provisions of the NYLL because they do not meet the requirements for any of the exemptions available under New York law.

101. Plaintiffs are victims of a uniform, unlawful, company-wide compensation policy that has deprived them of proper overtime compensation.

102. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

103. Defendants have not acted in good faith with respect to the conduct alleged herein.

104. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred and continue to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

105. Plaintiff Cortes Leal reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

106. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff Cortes Leal an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

107. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff Cortes Leal's rights.

108. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff Cortes Leal has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY REGULAR WAGES**

109. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

110. Defendants suffered and permitted Plaintiffs to work for numerous weeks, as alleged herein, but failed to timely pay Plaintiffs their regular weekly salaries.

111. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

112. Defendants have acted willfully and have either known that their conduct has violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct has violated the New York Labor Law.

113. Defendants have not acted in good faith with respect to the conduct alleged herein.

114. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

115. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

116. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117. Defendants willfully failed to provide Plaintiffs with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

118. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

119. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

120. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

121. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

122. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

123. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

124. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT VII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

125. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

126. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

127. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

128. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to

recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

   2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation, spread-of-hours compensation, minimum wages, and regular wages;

   3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with complete and accurate written wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
August 31, 2026

The NHG Law Group, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com